UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALLIED MACHINE & ENGINEERING CORPORATION, | CASE NO. 1:11CV2712 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | OPINION AND ORDER |
| COMPETITIVE CARBIDE, INC., | |
| Defendant. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #18) of Plaintiff, Allied Machine & Engineering Corporation ("Allied"), for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure, and the Motion (ECF DKT #22) of Third Party Defendants, Joseph P. Nuzzi ("Nuzzi") and Rolf H. Kraemer ("Kraemer"), for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure.  For the following reasons, both motions are denied.

### I. BACKGROUND

On December 14, 2011, Allied filed its Complaint for Patent Infringement.  Allied alleges it is the owner by assignment of U.S. Patent No. 7,942,616 ('616 Patent), issued on

May 17, 2011, to the inventors, Nuzzi and Kraemer, and entitled *Drilling Tool and Method for Producing Port Seals*.  Further, Allied alleges Competitive Carbide, Inc. ("Competitive") has made, used, sold, offered for sale, and/or imported into the United States drill tools, under the name "Helmet Head", that infringe upon one or more claims of the '616 Patent.

On January 27, 2012, Competitive filed its Answer with defenses of, *inter alia*, invalidity and unenforceability.  Competitive also filed Counterclaims, seeking a declaratory judgment that the '616 Patent, as well as Allied's Patent No. 6,984,094 ('094 Patent), of which the '616 is a continuation in part ("CIP"), are invalid and unenforceable.  Moreover, Competitive filed a Third Party Complaint against new Third Party Defendants, Nuzzi and Kraemer, alleging they engaged in willful inequitable conduct before the United States Patent Office ("PTO").

On February 20, 2012, Allied moved for sanctions against Competitive, pursuant to Fed.R.Civ.P. 11, for filing a frivolous declaratory judgment counterclaim for invalidity of the '094 Patent.  (In keeping with the Rule, Allied first provided Competitive the opportunity to withdraw its pleading, which Competitive declined to do.)  Allied argues that the Court does not have subject matter jurisdiction over the '094 Patent because Allied has not asserted it against Competitive.  In addition, Allied contends that this is the identical issue the Court decided adversely to Competitive in Case No. 1:10CV773.

On February 29, 2011, after compliance with the "safe harbor" provision of Fed.R.Civ.P. 11, Nuzzi and Kraemer moved for sanctions against Competitive for filing a frivolous third-party complaint seeking a declaratory judgment of inequitable conduct against them.  Nuzzi and Kraemer argue that there is no actual case or controversy; and, thus, the

Court lacks subject matter jurisdiction.  This is so, because they have not asserted any claims against Competitive, let alone claims for infringement of the '094, '616, or any other patents in the related Allied line.  Nor could Nuzzi or Kraemer rightfully assert any of the Allied Patents against Competitive, since they each assigned their rights as co-inventors to Allied "long ago."  (ECF DKT #22 at 2).

## II. LAW AND ANALYSIS

**Fed.R.Civ.P. 11**

>Rule 11(b) provides in pertinent part as follows:
>
>By presenting to the court a pleading, written motion, or other paper[,] ... an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>>(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>>(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>>(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]
>>                        * * * *
>
>Pursuant to Rule 11(c):
>
>If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

The standard for Rule 11 determinations is whether the actions are objectively reasonable under the circumstances.  *Albright v. Upjohn*, 788 F.2d 1217, 1221 (6th Cir.1986).  Rule 11

"stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule." *Albright*, 788 F.2d at 1221.  A plaintiff is obligated to review his pleadings, "and where appropriate modify them to conform to Rule 11." *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir.1988).  A good-faith belief in the merits of a case is insufficient to avoid Rule 11 sanctions.  *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir.1990).  The court should inquire if the "pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay."  *In re DeLorean Motor Company v. Allard*, 821 F.2d 649, 1987 WL 37786 at *2 (C.A.6 (Mich.) June 23, 1987), citing *Westmoreland v CBS, Inc.*, 770 F.2d 1168, 1174-75 (D.C. Cir.1985).  If the court determines that Rule 11 has been violated, sanctions are mandatory; but the court has "wide discretion" in deciding the extent of those sanctions.  *Albright*, 788 F.2d at 1222.

**28 U.S.C. § 1927**

Moreover, 28 U.S.C. § 1927 authorizes the court to issue sanctions against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously," thus requiring the attorney "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Sanctionable conduct includes "conduct where an attorney knows or reasonably should know that a claim pursued is frivolous." *Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir.2002).  Once more, good faith is not a defense to sanctions under this section.  *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986).

The Court notes that 28 U.S.C. § 1927 exclusively concerns sanctioning attorneys for unreasonable, vexatious, or frivolous conduct.  Although Allied, Nuzzi and Kraemer make mention of the statutory section, their Motions pray for relief solely against Competitive, and not against defense counsel.  Therefore, the Court will confine itself only to consideration of Rule 11 sanctions.

**Allied's Motion for Sanctions on Counterclaim**

Allied contends that Competitive's Counterclaim for invalidity of the '094 Patent is frivolous because the Court lacks subject matter jurisdiction and because the Court decided the exact issue in the prior case, No.1:10CV773.

First, Competitive asserts that there is an actual controversy between the parties involving the '094 Patent because Allied alleges the '616 Patent claims priority through the earlier '050 and '094 Patents – and back to the 60/404,091 ('091) provisional patent application filed on August 16, 2002.  Thus, Competitive believes Allied itself has brought the '094 Patent into this litigation.

In the previous case, No.1:10CV773, the Court addressed Competitive's Motion for Summary Judgment seeking to invalidate the '094 and '050 Patents.  The Court noted that the basis for declaratory judgment jurisdiction should be found in the pleadings; and Competitive's pleadings (Answer and Counterclaim), did not claim the '094 Patent was invalid.  In the instant matter, however, that is *precisely* what Competitive alleges in its Counterclaim.  Furthermore, summary judgment is properly entered if the movant demonstrates that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.  In Case No. 1:10CV773, Competitive "[did] not [identify]

any facts demonstrating the '094 patent was the subject of a substantial controversy of sufficient immediacy that would warrant issuing a declaratory judgment." (7/05/11 Opinion and Order, ECF DKT #27, p.8). Allied reads the Court's decision as an absolute bar to jurisdiction over validity of the '094 Patent. In the current case, the parties are at the pleadings stage. There has been no exchange of discovery and no dispositive motions. It is reasonable for Competitive to theorize that, upon gathering and presenting certain facts, the validity of the '094 Patent may be questioned upon summary judgment – no matter how slim Allied may feel Competitive's chances of prevailing are.

For these reasons, the Court will not impose sanctions against Competitive as to its Declaratory Judgment Counterclaim.

**Motion for Sanctions on Third Party Complaint**

Third Party Defendants, Nuzzi and Kraemer, insist that the Third Party Complaint for Declaratory Judgment of inequitable conduct before the PTO is frivolous. They contend there is no subject matter jurisdiction because they have asserted no claims against Competitive. In any event, they lack standing to assert such infringement claims since they assigned their rights as co-inventors to Allied. Competitive alleges that the '616 Patent is invalid because Allied and the inventors engaged in inequitable conduct before the Patent Office, by prosecuting the '616 Patent during the pendency of the 1:10CV773 litigation, without disclosing material facts about Competitive's Helmet Head and G-Port tools.

In *Dura Operating Corp. v. Magna International*, No. 10-11566, 2011 WL 869372 at *1 (E.D.Mich. Mar. 10, 2011), the district court offers some background on the defense of inequitable conduct:

> The process of obtaining and maintaining a patent from The United States Patent and Trademark Office (USPTO), called patent prosecution, is essentially an *ex parte* process between the patent applicant and the USPTO. *See generally Atlas Powder Co. v. Ireco Chemicals*, 773 F.2d 1230, 1234 (Fed.Cir. 1985). Because of the *ex parte* nature of patent prosecution, the USPTO and case law require persons involved in patent prosecution, including the patent attorney and inventors, to deal honestly and in good faith with the USPTO during patent prosecution. This duty of good faith, candor, and honesty is an affirmative duty to disclose information and documents that may affect whether the USPTO grants a patent to the invention. *Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 999 (Fed.Cir.2007).

This duty of honesty, candor, and good faith in dealing with the PTO has been codified in a federal regulation, 37 C.F.R. § 1.56. In 37 C.F.R. § 1.56(c), individuals associated with patent prosecution are defined to include "[e]ach inventor named in the application." The regulation itself is not a defense in litigation; but courts have crafted the corresponding common law defense of "inequitable conduct" to a claim of patent infringement. *Dura*, No. 10-11566, 2011 WL 869372 at *3. The inequitable conduct defense requires clear and convincing evidence that an individual associated with the prosecution of a patent application (1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information; (2) knew or should have known it was material; and (3) has not provided a credible explanation for withholding information, so that intent to deceive may be inferred. *See Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357 (Fed.Cir.2008); *Ferring v. Aventis Pharmaceuticals, Inc. v. Barr laboratories, Inc.*, 437 F.3d 1181, 2006 WL 335601 (Fed.Cir. Feb. 15, 2006).

Materiality and intent present questions of fact. "[T]he ultimate conclusion of whether inequitable conduct has been committed involves weighing the total evidence of intent and materiality to determine whether the patentee's actions rise to such a level that the patent

should be held unenforceable." *Dura*, No. 10-11566, 2011 WL 869372 at *3, citing *Kingsdown Med. Consultants Ltd. v. Hollister Inc*., 863 F.2d 867 (Fed.Cir.1988) (en banc).

By virtue of the regulation and the case law, the inventors on the patent application, Nuzzi and Kraemer, are appropriate objects of the inequitable conduct inquiry. Although they may have assigned their rights to Allied, they remain persons involved in the *ex parte* patent prosecution. In addition, while the issue of the materiality of the prior '050 litigation or of the '094 Patent may be resolved before the trial of the instant action, the Court declines Allied's invitation to sanction Competitive by dismissing the Third Party Complaint before any evidence on the issue is offered.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #18) of Plaintiff, Allied Machine & Engineering Corporation ("Allied"), for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure, and the Motion (ECF DKT #22) of Third Party Defendants, Joseph P. Nuzzi ("Nuzzi") and Rolf H. Kraemer ("Kraemer"), for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure are denied.

**IT IS SO ORDERED.**

**DATE: April 25, 2012**

    **S/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**