UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ALLIED MACHINE & ENGINEERING CORPORATION,** | CASE NO. 1:11CV2712 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | OPINION AND ORDER |
| **COMPETITIVE CARBIDE, INC.,** | |
| Defendant. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #42) of Plaintiff, Allied Machine & Engineering Corporation ("Allied"), to Dismiss Carbide's Declaratory Judgment Counterclaim of Invalidity of the '094 Patent. For the following reasons, the Motion is granted.

**I. FACTUAL BACKGROUND**

On December 14, 2011, Allied filed its Complaint for Patent Infringement. Allied alleges it is the owner by assignment of U.S. Patent No. 7,942,616 ('616 Patent), issued on May 17, 2011, to the inventors, Nuzzi and Kraemer, and entitled *Drilling Tool and Method for Producing Port Seals*. Further, Allied alleges Competitive Carbide, Inc. ("Competitive") has made, used, sold, offered for sale, and/or imported into the United States drill tools, under the name "Helmet Head," that infringe upon one or more claims of the '616 Patent.

On January 27, 2012, Competitive filed its Answer with defenses of, *inter alia*, invalidity and unenforceability. Competitive also filed Counterclaims, seeking a declaratory

judgment that the '616 Patent, as well as Allied's Patent No. 6,984,094 ('094 Patent), of which the '616 is a continuation in part ("CIP"), are invalid and unenforceable. Competitive believes Allied has brought the '094 Patent into this litigation because Allied alleges the '616 Patent claims priority through the earlier '050 and '094 Patents – and back to the 60/404,091 ('091) Provisional Patent Application filed on August 16, 2002.

For its part, Allied asserts that it has never accused Competitive or any of its products of infringing any claim of the'094 Patent; nor has Allied ever asserted infringement of the '094 Patent in this, or the earlier litigation between these parties (No. 1:10CV773). Therefore, pursuant to Fed.R.Civ.P. 12(b)(1), Allied requests that the Court dismiss Competitive's declaratory judgment counterclaim of invalidity of U.S. Patent No. 6,984,094 ("the '094 patent") for lack of subject matter jurisdiction. Competitive has not filed an opposition to Allied's Motion, although the response time has expired.

## II. LAW AND ANALYSIS

**Standard of Review**

**Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Fed.R.Civ.P. 12(b)(1) states in pertinent part:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter....

When challenged on a motion to dismiss, it is plaintiff's [or counterclaimant's] burden to prove the existence of subject matter jurisdiction. *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir.1986). Such challenges are brought by two different methods: (1) facial attacks

and (2) factual attacks. *See, e.g., United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994).

"A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Walters v. Leavitt*, 376 F.Supp.2d 746, 752 (E.D. Mich 2005), *citing Scheuer v. Rhodes,* 416 U.S. 232, 235-37 (1974). "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, .... and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Walters* at 752.

**Declaratory Judgment**

It is well-settled that federal courts may only adjudicate actual cases or controversies. U.S. Const., Art. III, Section 2. In fact, that principle is reiterated in the Declaratory Judgment Act, which states: "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. Nonetheless, the Supreme Court has emphasized the discretionary nature of the Act. In *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112 (1962), the highest court opined: "'The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.' *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 499 [62 S.Ct. 1173, 1177-78, 86 L.Ed. 1620 (1942)]." Put another way, the declaratory judgment statute "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Green v. Mansour*, 474 U.S. 64, 72 (1985). In exercising its

discretion, a federal court must only pass judgment upon real, not uncertain nor hypothetical, disputes. As the Supreme Court noted in *Golden v. Zwickler*, 394 U.S. 103, 108 (1969), quoting earlier decisions:

> [T]he federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues 'concrete legal issues, presented in actual cases, no abstractions' are requisite. This is as true of declaratory judgments as any other field. *United Public Workers of American (C.I.O.) v. Mitchell*, 330 U.S. 75, 89, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947). The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941).

In patent cases, the existence of a case or controversy "must be evaluated on a claim-by-claim basis." *Jervis v. Webb Co. v. So. Sys., Inc.*, 742 F.2d 1388, 1399 (Fed.Cir. 1984). A party seeking a declaratory judgment must establish that jurisdiction "existed at the time the claim for declaratory relief was filed and that it has continued since." *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed.Cir. 2007). In *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007), the Supreme Court held that, while there is no bright-line test for deciding whether a declaratory judgment action constitutes an actual controversy, what is required is:

> that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

More importantly, *MedImmune* "does not stand for the proposition that an Article III case or controversy exists automatically whenever a competitor desires to mount a validity challenge." *Streck, Inc. v. Research & Diagnostic Systems, Inc.*, 665 F.3d 1269, 1284 (Fed.Cir. 2012).

**<u>Unopposed motions</u>**

Local Rule 7.1(g) authorizes this Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." Pursuant to Local Rule 7.1(d), "each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion." The district court's power to grant dispositive motions because they are unopposed is firmly settled. *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D.Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, *9-10 (N.D.Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6thCir. 2000). A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit. *Cacevic, id.*

In its Complaint of December 14, 2011, Allied asserts the '616 Patent against the Helmet Head tool made and sold by Competitive. The Complaint does not mention the '094 Patent. In its Reply to Competitive's Counterclaim for a declaratory judgment that the '094 Patent is invalid, Allied asserts its denial, along with the affirmative defense of lack of subject matter jurisdiction. In both their original and revised Rule 26(f) Reports of the Parties' Planning Meeting, prepared for the Case Management Conference in this matter, the parties jointly indicate only that the '616 Patent is being asserted. (ECF DKT #13 & ECF DKT #36). Allied's position has remained consistent, even through the briefing for its motion for Rule 11

sanctions. (ECF DKT #18). In the ruling denying Allied's Rule 11 Motion, the Court made only the narrow determination that it was not sanctionable conduct for Competitive to assert a Counterclaim for patent invalidity. The Court did not comment on the Counterclaim's merits.

Allied has not accused Competitive or any of its products of infringing any claim of the '094 Patent; nor has Allied ever claimed infringement of the '094 Patent in this or the earlier litigation (No. 1:10CV773). Thus, at the time Competitive filed its Counterclaim for declaratory relief, there was no actual controversy as to the '094 Patent. Competitive, by failing to oppose the instant Motion, has not met its burden of showing the existence of a case or controversy with respect to the unasserted patent or claims. The Court refuses to issue an advisory opinion on a hypothetical fact pattern, merely because it is asserted in a Counterclaim.

### III. CONCLUSION

Therefore, pursuant to Fed.R.Civ.P. 12(b)(1), Allied's Motion (ECF DKT #42) to Dismiss Competitive's Counterclaim for invalidity of the '094 Patent is granted for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

DATED: July 30, 2012