UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALLIED MACHINE & ENGINEERING CORPORATION,<br>    Plaintiff,<br><br>vs.<br><br>COMPETITIVE CARBIDE, INC.,<br><br>    Defendant. | CASE NO. 1:11CV2712<br><br>JUDGE CHRISTOPHER A. BOYKO<br><br>OPINION AND ORDER |

**CHRISTOPHER A. BOYKO, J.**:

  This matter comes before the Court upon Motion (ECF DKT #49) of Third-Party Defendants, Joseph P. Nuzzi and Rolf H. Kraemer, to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  Upon consideration of the Motion, Response, Exhibits, and applicable law, the Court GRANTS Third-Party Defendants' Motion to Dismiss.

**I. BACKGROUND**

  On December 14, 2011, Allied filed its Complaint for Patent Infringement.  Allied alleges it is the owner by assignment of U.S. Patent No. 7,942,616 ('616 Patent), issued on May 17, 2011, to the inventors, Joseph P. Nuzzi and Rolf H. Kraemer, and entitled *Drilling Tool and Method for Producing Port Seals*.  Further, Allied alleged Competitive Carbide, Inc.

("Competitive") made, used, sold, offered for sale, and/or imported into the United States drill tools, under the name "Helmet Head," that infringe upon one or more claims of the '616 Patent.

On January 27, 2012, Competitive filed its Answer with defenses of, *inter alia*, invalidity and unenforceability.  Competitive also filed a Third-Party Complaint, seeking a Declaratory Judgment for Inequitable Conduct during prosecution of the '616 Patent in the United States Patent and Trademark Office (USPTO) against inventors and Third-Party Defendants Nuzzi and Kraemer.  Such a finding might ultimately invalidate the '616 Patent and lead to a decision in favor of Competitive.  Third-Party Defendants now file this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), asserting that they assigned their rights to the '616 Patent to Allied, and therefore, no controversy exists with respect to Competitive.

## II. LEGAL STANDARDS

**A. Fed. R. Civ. P. 12(b)(1) Standard**

Fed. R. Civ. P. 12(b)(1) states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter . . . .

When challenged on a motion to dismiss, it is plaintiff's burden to prove the existence of subject matter jurisdiction.  *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir.1986).  Such challenges are brought by two different methods: (1) facial attacks and (2) factual attacks.  *See, e.g., United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994).

"A *facial* attack is a challenge to the sufficiency of the pleading itself.  On such a

motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Walters v. Leavitt*, 376 F.Supp.2d 746, 752 (E.D. Mich 2005), *citing Scheuer v. Rhodes,* 416 U.S. 232, 235-37 (1974).  "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction.  On such a motion, no presumptive truthfulness applies to the factual allegations, . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Walters* at 752.

**B. Declaratory Judgment Standard**

It is well-settled that federal courts may only adjudicate actual cases or controversies. U.S. Const., Art. III, Section 2.  In fact, that principle is reiterated in the Declaratory Judgment Act, which states: "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201.  Nonetheless, the Supreme Court has emphasized the discretionary nature of the Act.  In *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112 (1962), the highest court opined: "'The Declaratory Judgment Act was an authorization, not a command.  It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.'  *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 499 [62 S.Ct. 1173, 1177-78, 86 L.Ed. 1620 (1942)]."  Put another way, the declaratory judgment statute "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Green v. Mansour*, 474 U.S. 64, 72 (1985).  In exercising its discretion, a federal court must only pass judgment upon real, not uncertain nor hypothetical,

disputes. As the Supreme Court noted in *Golden v. Zwickler*, 394 U.S. 103, 108 (1969), quoting earlier decisions:

> [T]he federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues 'concrete legal issues, presented in actual cases, no abstractions' are requisite. This is as true of declaratory judgments as any other field. *United Public Workers of American (C.I.O.) v. Mitchell*, 330 U.S. 75, 89, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947). The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941).

In patent cases, the existence of a case or controversy "must be evaluated on a claim-by-claim basis." *Jervis B. Webb Co. v. So. Sys., Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984). A party seeking a declaratory judgment must establish that jurisdiction "existed at the time the claim for declaratory relief was filed and that it has continued since." *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007). In *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007), the Supreme Court held that, while there is no bright-line test for deciding whether a declaratory judgment action constitutes an actual controversy, what is required is:

> that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

More importantly, *MedImmune* "does not stand for the proposition that an Article III case or controversy exists automatically whenever a competitor desires to mount a validity

challenge." *Streck, Inc. v. Research & Diagnostic Systems, Inc.*, 665 F.3d 1269, 1284 (Fed. Cir. 2012).

### III. ANALYSIS

Third-Party Plaintiff, Competitive, filed a claim for Declaratory Judgment against Third-Party Defendants, Nuzzi and Kraemer, for Inequitable Conduct during prosecution of the '616 Patent in the USPTO. Nuzzi and Kraemer argue that Competitive lacks subject matter jurisdiction to assert such a claim because there is no present controversy as is required for declaratory judgment actions. In support of this argument, Nuzzi and Kraemer state that they "have not asserted any claims against Carbide, and that each have assigned their rights in the asserted Patents to Allied." ECF DKT #49, at 3. In response, Competitive provides three reasons why the present case presents a substantial and concrete controversy between Competitive, and Nuzzi and Kraemer: (1) Nuzzi and Kraemer violated the law; (2) Nuzzi and Kraemer, not their agents, are liable to Competitive for damages; and (3) Nuzzi and Kraemer are the ones who have harmed Competitive by their inequitable conduct, not necessarily Allied alone. ECF DKT #54, at 5-6.

As provided in *Golden*, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having *adverse legal interests*, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Golden*, 394 U.S. at 108 (emphasis added). Because invalidity is a defense to a patent infringement claim, not an action in itself, and Nuzzi and Kraemer assigned their rights in the '616 Patent to Allied, Competitive, and Nuzzi and Kraemer cannot have adverse legal interests. Therefore, Competitive's arguments regarding Nuzzi and

Kraemer's inequitable conduct may all have merit, but such arguments are with respect to invalidating the Patent asserted against them by Allied, not Nuzzi and Kraemer.  That is not to say, however, that Nuzzi and Kraemer lack any legal interest in the determination of their inequitable conduct.  Nuzzi and Kraemer have a substantial legal interest if, in fact, the '616 Patent is eventually invalidated, but only with respect to any action Allied might take against them as a result.  This jurisdictional decision also does not negate the important role Nuzzi and Kraemer might play during current and future litigation between Competitive and Allied, because their conduct is central to the questions involved.  In light of the above, Defendant Competitive, and Third-Party Defendants, Nuzzi and Kraemer, do not have adverse legal interests as is required for subject matter jurisdiction in declaratory judgment actions.

## IV. CONCLUSION

For the foregoing reasons, this Court GRANTS Third-Party Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1).

**IT IS SO ORDERED.**

                                          s/ Christopher A. Boyko
                                          **CHRISTOPHER A. BOYKO**
                                          **United States District Judge**

**Dated:  March 22, 2013**