UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALLIED MACHINE & ENGINEERING CORPORATION, | CASE NO.  1:11CV2712 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | OPINION AND ORDER |
| COMPETITIVE CARBIDE, INC., | |
| Defendant. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #65) of Plaintiff, Allied Machine & Engineering Corporation ("Allied"), to Stay the Litigation Pending Reexamination of the '616 Patent.  For the following reasons, the Motion to Stay is granted.

## I. BACKGROUND

On December 14, 2011, Allied filed its Complaint for Patent Infringement.  Allied alleges it is the owner by assignment of U.S. Patent No. 7,942,616 ('616 Patent), issued on May 17, 2011, to the inventors, Joseph P. Nuzzi and Rolf H. Kraemer, and entitled *Drilling Tool and Method for Producing Port Seals*.  Further, Allied alleges Competitive Carbide, Inc. ("Competitive") made, used, sold, offered for sale, and/or imported into the United States drill

tools, under the name "Helmet Head," that infringe upon one or more claims of the '616 Patent. Specifically, Allied asserts Claims 1, 2, 4, 7, 9, and 11 through 20 of the '616 Patent. On January 27, 2012, Competitive filed its Answer and Counterclaim for Declaratory Judgment of Invalidity and Unenforceability of the '616 Patent.

On September 15, 2012, a third party filed a request with the Patent Office for *ex parte reexamination* of the '616 Patent. On December 3, 2012, the Patent Office granted the request and initiated reexamination, which remains pending. On April 18, 2013, the Patent Office issued a non-final Office Action in the reexamination, in which it rejected Claims 1-20 as being obvious under 35 U.S.C. § 103. The reexamination will continue until the Patent Office makes a final determination of the patentability of each of the claimed inventions.

On May 7, 2013, Allied moved to stay the litigation "so as to conserve judicial resources in the event that the reexamination alters the issues of this matter." (ECF DKT #65 at 2). Competitive filed its Response (ECF DKT #67) and Allied submitted a Reply (ECF DKT #68).

## II. LAW AND ANALYSIS

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426 -1427 (Fed Cir.1988)(citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). When deciding whether to grant a motion to stay pending patent reexamination "courts commonly consider three factors: '(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is

complete and whether a trial date has been set.'" *PDS Electronics, Inc. v. Hi–Z Antennas,* 2011 WL 1097745 at *1 (N.D.Ohio Mar.22, 2011)(quoting *Xerox Corp. v. 3Com Corp.,* 69 F.Supp.2d 404, 406 (W.D.N.Y.1999)). Moreover, "[m]any courts have recognized that 'there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination . . . proceedings.'" *Equipements de Transformation IMAC v. Anheuser-Busch Companies, Inc.* 559 F.Supp.2d 809, 816 (E.D.Mich.2008).

**Stage of Litigation**

In the above-captioned case, the Court has dealt with a number of discovery disputes, as well as Motions to Dismiss. Therefore, despite the December 2011 filing date of this case, discovery is not complete and no trial has been scheduled. The status of the litigation weighs in favor of a stay.

**Simplification of Issues in Question**

Staying the within litigation in order to allow the Patent Office to proceed with reexamination would be beneficial. The final action on the '616 Patent may result in a dismissal, or at a minimum, may encourage settlement discussion. Also, the parties' and the Court's time and expense will be reduced. Attorney's fees will not be incurred during the term of the stay; and undoubtedly, issues will be narrowed following the reexamination. When a claim is cancelled upon Patent Office reexamination, there is no need to try that issue. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed.Cir.1983). For the claims that may survive reexamination, the expert view of the PTO can assist the Court in assessing patent validity. *Id.*; *Slip Track Systems, Inc. v. Brady*, 159 F.3d 1337, 1341 (Fed.Cir.1998). It is evident that whatever the outcome, this litigation will be streamlined.

**Undue Prejudice or Tactical Disadvantage**

Competitive argues that the proposed stay will cause irreparable prejudice and will "effectively [chill] its porting tool business." In reality, Allied never sought a preliminary injunction in this matter. Therefore, Competitive has not been, and is not prohibited from manufacturing and selling its G-Port and Helmet Head tools during the course of the stay or throughout the entire span of the litigation. Therefore, the Court is not persuaded that prejudice or tactical disadvantage weighs against granting a stay.

### III. CONCLUSION

For these reasons, the Court finds that a stay of proceedings is appropriate, pending the conclusion of the Patent Office reexamination of the '616 Patent. The Motion (ECF DKT #65) of Plaintiff, Allied Machine & Engineering Corporation ("Allied"), to Stay the Litigation Pending Reexamination of the '616 Patent is granted.

The above-captioned matter is stayed, closed and removed from the active docket, subject to re-opening upon written notice of either party that the PTO's reexamination process is concluded.

**IT IS SO ORDERED.**

                                                  s/ Christopher A. Boyko
                                                  **CHRISTOPHER A. BOYKO**
                                                  **United States District Judge**

**Dated: October 8, 2013**