**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ALLIED MACHINE & ENGINEERING CORPORATION,** | **CASE NO. 1:11CV2712** |
| Plaintiff, | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. | **OPINION AND ORDER** |
| **COMPETITIVE CARBIDE, INC.,** | |
| Defendant. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #81) of Plaintiff Allied Machine & Engineering Corporation ("Allied") for Voluntary Dismissal and the Motion (ECF DKT #82) of Defendant Competitive Carbide, Inc. ("Competitive") to Vacate Stay Pending Reexamination of the '616 Patent and for Leave to Proceed with its Counterclaim. For the following reasons, the Plaintiff's Motion to Dismiss the above-captioned action with prejudice is granted and Defendant's Motion to Vacate the Stay and Proceed with the Counterclaim is denied.

**I. BACKGROUND**

On December 14, 2011, Allied filed its Complaint for Patent Infringement. Allied

alleges it is the owner by assignment of U.S. Patent No. 7,942,616 ('616 Patent), issued on May 17, 2011, to the inventors, Joseph P. Nuzzi and Rolf H. Kraemer, and entitled *Drilling Tool and Method for Producing Port Seals*. Further, Allied alleges Competitive made, used, sold, offered for sale, and/or imported into the United States drill tools, under the name "Helmet Head," that infringe upon one or more claims of the '616 patent. Specifically, Allied asserts Claims 1, 2, 4, 7, 9, and 11 through 20 of the '616 patent. On January 27, 2012, Competitive filed its Answer and Counterclaim for Declaratory Judgment of Invalidity and Unenforceability of the '616 patent. Specifically, Competitive's Counterclaim alleges:

> 44. The Defendant further asserts that the claims of invention as set forth in the '616 patent are invalid by reason of inequitable conduct before the United States Patent and Trademark Office by Plaintiff . . . in violation of 37 CFR (at) Section 1.56 of the United States Patent Rules.
>
> 45. As a result of the foregoing conduct, facts, and events, the Defendants [sic] seek declaratory judgment by this Court that the subject United States Patent 7,942,616 is invalid and unenforceable under 35 USC 102(b) and 35 CFR 1.56.

On September 15, 2012, a third party filed a request with the Patent Office for *ex parte reexamination* of the '616 patent. On December 3, 2012, the Patent Office granted the request and initiated reexamination. On May 7, 2013, Allied moved to stay the litigation pending the outcome of the reexamination. (ECF DKT #65). On October 8, 2013, the Court granted Allied's Motion and stayed the litigation pending the completion of the reexamination. (ECF DKT #69).

In the reexamination, the Patent Office determined that all of the claims of the '616 patent were unpatentable over the newly discovered prior art. Allied appealed that decision to the Patent Trial and Appeal Board ("PTAB"), which affirmed the decision of the Patent Office. (ECF DKT #81, Ex. 1). Allied sought rehearing by the PTAB, which was finally

denied on September 2, 2016. On November 9, 2016, Allied filed its notice of appeal to the U.S. Court of Appeals for the Federal Circuit. (ECF DKT #81, Ex. 2). On February 16, 2017, Allied filed an unopposed motion for voluntary dismissal of its appeal. (ECF DKT #81, Ex. 3). On February 16, 2017, the Federal Circuit dismissed Allied's appeal, making final the Patent Office's decision that all of the claims of the '616 patent are unpatentable. (ECF DKT #81, Ex. 4).

On February 16, 2017, Allied filed the instant Motion for Voluntary Dismissal; and on February 23, 2017, Competitive filed its Motion to Vacate Stay and Proceed. Competitive asks the Court to find inequitable conduct by Allied before the Patent Office and to determine Competitive's reasonable damages and compensation.

In order to clarify the parties' positions and the applicable law, the Court ordered cross-briefs focused on the viability of the Inequitable Conduct Counterclaims under 37 CFR § 1.56 and on whether any remedy is available in light of the final Patent Office decision that all of the claims of the '616 patent are unpatentable and therefore, unenforceable. (ECF DKT #86).

## II. LAW AND ANALYSIS

### 37 CFR § 1.56 - Duty to disclose information material to patentability

37 CFR § 1.56 reads in pertinent part: "Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability . . .[N]o patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of

disclosure was violated through bad faith or intentional misconduct."

"Inequitable conduct is an equitable defense to a patent infringement case that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed.Cir. 2011). The **remedy** for inequitable conduct is the "unenforceability of the entire patent." *Id*. at 1287. (Emphasis added). "The concept of inequitable conduct in a patent procurement derives from the equitable doctrine of unclean hands: that a person who obtains a patent by intentionally misleading the PTO cannot enforce the patent." *Gen. Electro Musical Corp. v. Samick Music Corp.*, 19 F.3d 1405, 1408 (Fed.Cir. 1994). "Perhaps most importantly, the remedy for inequitable conduct is the "atomic bomb" of patent law." *Therasense*, 649 F.3d at1288, citing *Aventis Pharma S.A. v. Amphastar Pharm., Inc.*, 525 F.3d 1334, 1349 (Fed.Cir. 2008) (Rader, J., dissenting).

There is no dispute in the instant case that Allied's '616 patent was declared invalid and unenforceable by the final decision of the Patent Office. Competitive's only available remedy on its Inequitable Conduct Counterclaim has been satisfied. The Court finds, therefore, that Competitive's Counterclaim is moot and cannot remain for independent adjudication under Fed.R.Civ.P. 41(a)(2).

In its briefing, Competitive asserts that it is entitled to attorney's fees and expenses for Allied's violation of 37 CFR § 1.56 and 35 U.S.C. § 285. Neither in the parties' cited authorities nor in the Court's independent research has the Court been able to find authority for monetary recovery for inequitable conduct. Moreover, nowhere in Competitive's Answer and Counterclaims is there an allegation that this is an *exceptional* case under 35 U.S.C. § 285. Rather, in the concluding paragraph of Competitive's Prayer, it simply states: "For

any other such relief that is therefore provided for by law or equity, and reasonable attorney's fees, expenses, and the costs of this action." This one sentence is patently insufficient to warrant *exceptional* relief. The Court declines to find a legitimate claim for fees and expenses.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #81) of Plaintiff Allied Machine & Engineering Corporation ("Allied") for Voluntary Dismissal with prejudice is granted. The Motion (ECF DKT #82) of Defendant Competitive Carbide, Inc. ("Competitive") to Vacate Stay Pending Reexamination of the '616 Patent and for Leave to Proceed with its Counterclaim is denied.

**IT IS SO ORDERED.**

                                       **s/ Christopher A. Boyko**
                                       **CHRISTOPHER A. BOYKO**
                                       **United States District Judge**

**Dated: February 15, 2018**